IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-40145
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLES HARVEY GILL,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:95-CV-1051
- - - - - - - - - -
October 19, 1998

Before DAVIS, DUHE', and PARKER, Circuit Judges.

PER CURIAM:[*]

Charles Gill (federal prisoner #04250-078) appeals the district court's judgment denying his 28 U.S.C. § 2255 motion. He argues that his attorney was ineffective for failing to challenge the district court's denial of the Government's motion for reduction of sentence filed on his behalf under Federal Rule of Criminal Procedure 35(b). He also argues that his attorney was ineffective for advising him to plead guilty to a money-laundering charge with an insufficient factual basis and that his guilty plea was involuntary as a result.

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

After reviewing the record and the briefs of the parties, we hold that the district court did not err in denying Gill's § 2255 motion. Defendants do not have the right to counsel during Rule 35(b) proceedings. See United States v. Palomo, 80 F.3d 138, 140-42 (5th Cir. 1996). Because the right to the effective assistance of counsel is predicated on the underlying right to counsel, Gill is not entitled to § 2255 relief based on his claim that his attorney was ineffective during his Rule 35(b) proceedings. See id. at 141 n.5. In addition, Gill has not shown that his attorney's advice regarding the money-laundering charge was outside "the range of competence demanded of attorneys in criminal cases" or that his guilty plea to that charge was involuntary as result. See Armstead v. Scott, 37 F.3d 202, 206 (5th Cir. 1994)(internal quotations and citations omitted). Accordingly, the district court's judgment denying Gill's § 2255 motion is AFFIRMED.